UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADJELEY OSEKRE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-1194 (RBW) |
| JOHN GAGE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's motion to dismiss. For the reasons discussed below, the motion will be granted and this action will be dismissed for lack of subject matter jurisdiction.

I. BACKGROUND

The plaintiff alleges that she was an employee of the District of Columbia government and a dues-paying member of the American Federation of Government Employees ("AFGE") from May 5, 1986, until her removal on November 13, 2001. *See* Complaint ("Compl.") at 1;[1] *see also* Addendum to Opposition to Motion to Dismiss ("Pl.'s Opp'n") at 1. Defendant John Gage represents that the AFGE "is a labor organization whose affiliates represent both federal and District [of Columbia] employees," and that he "is currently the National President of AFGE." Memorandum of Points and Authorities in Support of Motion to Dismiss by Defendant John Gage ("Def.'s Mem.") at 6.

---

[1] The pages of the complaint were not numbered, so the Court has numbered the pages based on the order in which they were submitted by the plaintiff.

1

It appears that the plaintiff sought union representation in connection with events leading to and occurring after the termination of her employment, *see* Compl. at 1, and she received no response from the AFGE to her requests. *See id.* She purports to bring this action under the Labor Management Relations Act ("LMRA"), *see* 29 U.S.C. §§ 151, 152, 185 (2006), alleging that the AFGE breached its duty of fair representation. Compl. at 2. Among other relief, the plaintiff demands reinstatement, back pay, and reimbursement of the union dues she paid since 1998. *Id.* at 3.

## II. DISCUSSION[2]

### A. Dismissal for Lack of Subject Matter Jurisdiction

The defendant moves to dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction. *See* Def.'s Mem. at 8-16. Federal courts are courts of limited jurisdiction and the plaintiff bears the burden of establishing subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). While a complaint filed by a *pro se* litigant is held to a less stringent standard than the standard applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the plaintiff "must still allege a cause of action that falls within the subject matter jurisdiction of this Court." *Ha v. U.S. Dep't of Educ.*, __ F. Supp. 2d __, __, 2010 WL 129673, at *1 (D.D.C. Jan. 13, 2010).

---

[2] For purposes of this Memorandum Opinion, the Court presumes that John Gage is the proper defendant to this action, notwithstanding the absence of factual allegations sufficient to state a claim against him personally for the alleged breach of the union's duty of fair representation.

2

### B. The Comprehensive Merit Personnel Act Bars The Plaintiff's Claims

The defendant argues that the plaintiff's reliance on the LMRA as the basis for this Court having subject matter jurisdiction is misplaced. *See* Def.'s Mem. at 8. Although certain LMRA provisions allow "private sector employees to enforce a union's duty of fair representation," he argues that a District government employee has no such right. *Id.* Specifically, the defendant asserts that an employer for purposes of the LMRA excludes "any State or political subdivision thereof," 29 U.S.C. § 152(2) (2006), such as the District of Columbia. Def.'s Mem. at 8. Rather, because the plaintiff was a District government employee, the defendant asserts that the Comprehensive Merit Personnel Act ("CMPA"), *see* D.C. Code §§ 1-601.01, 1-602.01, 1-605.02, 1-617.04, 1-617.13(c) (2001), applies, and that its provisions deprive this Court of subject matter jurisdiction. *See* Def.'s Mem. at 14-16.

"With few exceptions, the CMPA is the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000) (citing *Stockard v. Moss*, 706 A.2d 561, 564 (D.C. 1997)). The CMPA "create[s] a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions – with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum." *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C. 1991), *modifying,* 570 A.2d 277 (D.C. 1990), *cert. denied*, 502 U.S. 942 (1991). Among other purposes, the CMPA "[p]rovide[s] for a positive policy of labor-management relations including collective bargaining between the District of Columbia government and its employees." D.C. Code § 1-601.02(a)(6).

The CMPA created the Public Employee Relations Board ("PERB") "with a mandate to

3

'issue rules and regulations establishing a labor-management relations program to implement the policy set forth in [the CMPA],'" *Hawkins v. Hall*, 537 A.2d 571, 574 (D.C. 1988) (citing D.C. Code § 1-618.2 (1987), now codified at D.C. Code § 1-617.02(a)), including provisions for the "resolution of unfair labor practice allegations." D.C. Code § 1-617.02(b)(2); *see* D.C. Code §§ 1-605.02(3), 1-605.02(9) (respectively authorizing the PERB to "[d]ecide whether unfair labor practices have been committed and issue an appropriate remedial order" and to "[m]ake decisions and take appropriate action on charges of failure to adopt, subscribe, or comply with the internal or national labor organization standards of conduct for labor organizations"). An employee "cannot defeat the exclusive jurisdiction in PERB by casting [her] complaint against the union for breach of duty of fair representation in the form of a common law breach of contract," *Cooper v. AFSCME, Local 1033*, 656 A.2d 1141, 1144 (D.C. 1995), nor may she bring claims arising out of employment disputes within the scope of the CMPA by couching them as common law tort claims. *See Thompson*, 593 A.2d at 635 (holding that the CMPA "preclude[s] litigation of [the plaintiff's] emotional distress and defamation claims, in the first instance, in Superior Court"); *Stockard*, 706 A.2d at 565-66 (concluding that an employee's slander claim was subject to CMPA exhaustion requirements).

The Court finds that it is reasonable to construe the plaintiff's complaint as alleging that the union breached its duty of fair representation, which, in turn, is equivalent to alleging that the union committed an unfair labor practice. *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 78 (D.D.C. 2007) ("The CMPA makes a union's breach of its duty of fair representation an unfair labor practice, and grants the PERB exclusive jurisdiction over allegations of unfair labor practices."); *see* D.C. Code §§ 1-605.02(3) and 1-617.04(b)(1) (prohibiting "[t]he District, its

4

agents, and representatives from . . . [i]nterfering with, restraining, or coercing any employee in the exercise of the rights guaranteed by [the CMPA]"). "[U]nder the CMPA, the PERB has exclusive jurisdiction over disputes involving grievances under a collective bargaining agreement, regardless of whether claims against a union allege a breach of the duty of fair representation or breach of contract." *Jackson v. District of Columbia Dep't of Health*, No. 06-1347, 2007 WL 1307891, at *2 (D.D.C. May 3, 2007) (citing *Cooper*, 656 A.2d at 1141-43). The plaintiff's recourse, then, is to pursue her challenge before the PERB. *See Thompson*, 593 A.2d at 626 (finding that an employee "dissatisfied with [her] union's representation may appeal to PERB"); *Hawkins*, 537 A.2d at 574-75 (holding in a case brought by Board of Education employees who claimed the Board and union unlawfully withheld union dues from their wages that "primary jurisdiction to determine unfair labor practice claims lies with the PERB, subject only to review by the courts under well-established principles of administrative law"). Because the PERB has exclusive jurisdiction over the plaintiff's claim for unfair labor practices, the Court must dismiss the complaint for lack of subject matter jurisdiction. *See McManus*, 530 F. Supp. 2d at 79; *Holman v. Williams*, 436 F. Supp. 2d 68, 74 (D.D.C. 2006) ("Preemption by the CMPA divests the trial court – whether it be the Superior Court or this Court – of subject matter jurisdiction.").

## III. CONCLUSION

Because the plaintiff's claim falls within the broad scope of the CMPA, this Court lacks subject matter jurisdiction over it. Accordingly, the Court declines to entertain the defendant's alternative arguments for dismissal, and will grant his motion to dismiss. An Order accompanies this Memorandum Opinion.

/s/
REGGIE B. WALTON
United States District Judge

DATE: March 29, 2010